577 So.2d 799 (1991)
STATE of Louisiana, Appellee,
v.
Donald Ray LEWIS, Appellant.
No. 22236-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*800 Indigent Defender Office by Richard Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Catherine M. Estopinal, Asst. Dist. Atty., Shreveport, for appellee.
Before MARVIN, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
A jury found defendant, Donald Ray Lewis, guilty of aggravated rape, LSA-R.S. 14:42, as indicted. Thereafter, the trial court imposed the mandatory life sentence without benefit of parole, probation or suspension of sentence.
Defendant now appeals, reserving four assignments of error. For the reasons hereinafter expressed, we affirm the conviction and sentence.

FACTS
On a Saturday morning, 19-year-old L.W. went riding along a bicycle trail adjacent to Clyde Fant Parkway in Shreveport. In pedaling south for approximately three miles, she at one point observed defendant standing near her path. When she returned in a northerly direction, he knocked her off the bike and down a slope toward a nearby river. Producing a knife, he forced her through the trees and underbrush to a more secluded area, where he demanded she disrobe. When she refused to comply, he cut away her shorts and underwear. Laying on top of her, he pressed the knife to her throat to stifle her cries. He then unzipped his pants and inserted his partially erect penis into her vagina.
Frightened by the approach of others who had heard the cries of the victim, defendant quickly ran from the scene and proceeded to swim to the opposite side of the river. There, Bossier City policemen, who had been alerted to the crime, placed him under arrest after observing mud on his still wet pants. Subsequent to being advised of his rights, he led the officers to the location where he had abandoned a red shirt, later identified as that worn by the assailant. Also, his wallet, containing photographic identification, was recovered at the location of the attack.

DISCUSSION
Although defendant reserved four assignments of error, two have not been briefed and are thus deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La. 1978); URCA 2-12.4. Another assignment, errors patent, has also been omitted from the brief. Nevertheless, all criminal appeals are reviewable for such errors, LSA-C.Cr.P. Art. 920(2), and our inspection of the record reveals none.
In the remaining assignment of error, defendant argues that the trial court erred in failing to grant his motion for modification of the verdict in that the evidence did not prove penetration, an essential element of rape. It is contended that *801 the record instead established only attempted aggravated rape.
The criterion for reviewing sufficiency of evidence is whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990). A verdict, if insufficiently supported by the evidence, may be modified to a conviction of a lesser and included offense proved beyond a reasonable doubt. State v. Byrd, 385 So.2d 248 (La.1980).
Defendant does not claim that he is not guilty of the attack. Indeed, the record overwhelmingly establishes him to be the perpetrator. Rather, he challenges the verdict by asserting that the evidence did not prove penetration. Specifically, he cites the discrepancy between the victim's trial testimony and her statements given shortly after the rape as reflected in police and medical reports.
A patrolman, the first law enforcement agent to question the victim at the scene, wrote in his report, "At this time there was alot (sic) of people around scene I was unable to determine if a rape was actually committed at scene." At trial, the officer repudiated defendant's characterization of the notation as reflecting a denial of penetration. According to his testimony, a crowd of ten to fifteen people surrounded the victim during his interview. Perceiving a reluctance on her part to discuss the subject matter under such circumstances, he decided to defer this line of interrogation to detectives, who would conduct a more thorough investigation.
From the crime scene, officers took the victim to the Shreveport Police Department. There, a detective interviewed her in the privacy of his office. She then confided that, although defendant was unable to achieve an erection, he did make "slight penetration." This also conformed with her testimony at trial.
Approximately five hours after the rape, authorities transported the victim to LSU Medical Center for a rape examination. The attending resident testified that penetration usually cannot be detected one to three hours afterwards, absent trauma causing swelling, lacerations, breaks in the skin, or discoloration. Examination of the victim yielded evidence of neither penetration nor trauma. From questioning L.W., the doctor "gathered" there had been no penetration. Yet, after admitting the victim never stated that penetration did not occur, the doctor conceded that such an individual, rather than someone else, could best make that determination.
It is not the function of appellate courts to reevaluate the credibility of witnesses and then proceed to overturn factual determinations of guilt. LSA-Const. Art. 5, § 5(C) (1974); State v. Richardson, 425 So.2d 1228 (La.1983); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Lard, supra. It is well established that the testimony of the victim alone is sufficient to establish penetration. State v. Rives, 407 So.2d 1195 (La.1981); State v. Prestridge, 399 So.2d 564 (La. 1981). See also State v. Reaves, 569 So.2d 650 (La.App. 2d Cir.1990). Violation of LSA-R.S. 14:41 occurs when there is any penetration, however slight, of the aperture of the female genitalia, even its external features. State v. Bertrand, 461 So.2d 1159 (La.App. 3d Cir.1984), writ denied, 464 So.2d 314 (La.1985).
Viewing the evidence as a whole, a rational trier of fact could certainly find beyond a reasonable doubt that penetration, even perceivably slight penetration, had occurred. Indeed, this jury so decided. Where a trier of fact has made a rational credibility determination, an appellate court should not disturb that conclusion on review. See State v. Mussall, 523 So.2d 1305 (La.1988). This assignment lacks merit.

CONCLUSION
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.