629 So.2d 329 (1993)
Leonard ANTHONY, et al.
v.
DAVIS LUMBER, et al.
No. 93-CC-2696.
Supreme Court of Louisiana.
November 19, 1993.
*330 Granted. See per curiam.
PER CURIAM.
Plaintiffs filed suit for injuries arising from a June 4, 1991 accident involving a gas-powered chain saw manufactured by defendant Husqvarna Forest & Garden and distributed by defendant Boswerk Distributers. The case was tried to a jury on February 2-4, 1993. The jury found that the Husqvarna saw was not defective in any way, that Boswerk was not negligent in marketing the saw, and that plaintiff was 100% negligent in causing his own injuries.
Plaintiffs filed a Motion for Judgment Notwithstanding the Verdict and a Motion for New Trial. The trial court denied the Motion for Judgment Notwithstanding the Verdict but granted the Motion for New Trial because it believed the jury may have been misled regarding the qualifications of one of defendants' expert witnesses, Mr. Lennart Gustaffson.
The trial court had accepted Mr. Gustaffson as an expert in the mechanical design of chain saws and in chain saw accident reconstruction. During cross-examination of Mr. Gustaffson, plaintiffs' attorney asked, "Have you ever been qualified as an expert in warnings?," to which Mr. Gustaffson responded, "Yes." In their Motion for New Trial, plaintiffs alleged that contrary to Mr. Gustaffson's testimony, he had not qualified as an "expert in warnings" in any of three trials in which he had previously testified.
In granting plaintiffs' Motion for New Trial, the trial court admitted it was "not prepared to state that this is a proper case for applications of Article 1972(2) C.C.P...." That article provides that a new trial shall be granted "[w]hen the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial." The trial court nevertheless granted plaintiff's Motion for New Trial based on La. C.C.P. art. 1973, which provides: "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
Defendants applied to the Louisiana First Circuit Court of Appeal for supervisory writs. The court of appeal denied the application on October 8, 1993, noting that "[t]he relator has an adequate remedy by review on appeal of the final judgment on the merits." Judge Parro dissented and would have granted the writ application.
*331 Defendants have applied to this court for relief from the trial court's order granting plaintiffs' Motion for New Trial and from the court of appeal's denial of their application for supervisory writs.
The standard for granting a new trial pursuant to La.C.C.P. art. 1973 was set forth by this court in Lamb v. Lamb, 430 So.2d 51, 53 (La.1983), as follows:
A proper application of this article necessitates an examination of the facts and circumstances of the individual case. When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. We have recognized that the court has much discretion regarding this determination. However, this court will not hesitate to set aside the ruling of the trial judge in a case of manifest abuse.
(Citations omitted.)
In this case, plaintiffs did not conduct discovery regarding the qualifications of defendants' experts prior to trial, nor did they object to Mr. Gustaffson's qualification as an expert at the time of trial. Plaintiffs instead waited until after the jury found the plaintiff 100% at fault to challenge Mr. Gustaffson's qualifications. Furthermore, Mr. Gustaffson's testimony was corroborated at trial by another defense expert, Mr. Sal Malguanara, and plaintiffs had ample opportunity to rebut Mr. Gustaffson's testimony with the testimony of their own expert, Mr. R.F. Hellman. The evidence also shows that in the other trials referred to by plaintiffs, Mr. Gustaffson was allowed to testify regarding the adequacy of chain saw warnings and the ultimate causes of chain saw accidents because of his training and years of experience as an accident reconstruction expert, field investigator and trainer, as a writer of safety manuals and warnings, and as a designer of chain saw safety devices.
Considering the foregoing, the trial court erred in finding that the jury may have been misled by Mr. Gustaffson's testimony that he had previously qualified as an "expert in warnings." Moreover, the trial court made no finding in this case that the jury's verdict would result in a miscarriage of justice, nor could it reasonably have made such a finding. The trial court therefore abused its discretion in granting plaintiffs' Motion for New Trial under La.C.C.P. art. 1973.
Accordingly, we reverse the trial court's order granting plaintiffs a new trial and remand this case to the trial court with orders to reinstate the jury verdict.
REVERSED AND REMANDED.