968 So.2d 739 (2007)
Denile J. STAMPS
v.
Denardo DUNHAM, D.P.M. and Gulf Insurance Company.
No. 2007-CA-0095.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 2007.
*741 Byron J. Casey, III, Metairie, LA, for Plaintiff/Appellant.
Gregory C. Weiss, Weiss & Eason, L.L.P., Mandeville, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
STATEMENT OF THE CASE
The events leading to this medical malpractice case began on June 16, 1999, when Denile Stamps sought the services of Denardo Dunham, D.P.M., regarding pain in the toes of both feet. Dr. Dunham's diagnosis was that Ms. Stamps had hallus valgus interphalanges bilateral feet, as well as both hammertoe deformity and mallet toe deformity. The defendant claims he discussed *742 the risks and benefits of both conservative surgical therapies. The plaintiff claims he did not inform her of any complications that might result from the surgical procedure. On July 9, 1999 the surgery was performed by Dr. Dunham at Lakeland Medical Center. Dr. Dunham cut through the extensor tendon and removed the head of the phalanx. He rasped the bone and reattached it to the extensor tendon and closed the wound. Ms. Stamps was discharged from the hospital during the evening following her surgery.
Ms. Stamps developed pain over the following two days. The doctor prescribed Cipro and Bactroban ointment and instructed her to keep her foot elevated. Ms. Stamps experienced various degrees of pain and discomfort and visited Dr. Dunham on several occasions for treatment. Ms. Stamps continued to see Dr. Dunham for treatment for approximately one month, indicating a 60% improvement during that treatment period. On August 9, 1999, Ms. Stamps made a decision to stop seeing Dr. Dunham for treatment and began seeing a second podiatrist, William H. Dabdoub, D.P.M., regarding the infection of her toes. Dr. Dabdoub continued to treat Ms. Stamps with antibiotics. Eventually, the infection resolved, but as the wounds healed in the following weeks, Ms. Stamps became concerned that her toes were misaligned and crooked. Dr. Dabdoub recommended a second surgery in an attempt to realign her toes and Ms. Stamps agreed to the second surgery. Dr. Dabdoub performed revision anthroplasty on Ms. Stamps on February 2, 2001 at Methodist Ambulatory Surgical Center in an attempt to realign toes 2 and 3 on her left foot.
Denile Stamps filed a complaint with the Division of Administration alleging that Dr. Dunham deviated from acceptable standards of practice in performing the surgery of July 9, 1999. On May 2, 2001, a medical review panel determined that Dr. Dunham met the appropriate standards of care in his treatment of Ms. Stamps.
On March 4, 2005, Dr. Dunham and his insurer tendered the sum of $100,000.00 in settlement of the plaintiff's cause of action filed against Dr. Dunham, as per the provision of La. R.S. 40:1299.44. In signing the settlement offer, Dr. Dunham admitted his liability and the plaintiff reserved her rights to proceed against the Louisiana Patient's Compensation Fund for additional damages.
PROCEDURAL HISTORY
On October 23, 2006, the matter was called for a Jury Trial on the issue of causation and quantum regarding Dr. Dunham's liability. On October 26, 2006 the jury awarded Ms. Stamps $15,000.00 in general damages, $35,000.00 in loss of enjoyment of life and $15,000.00 in past medical expenses.
On October 30, 2006 Ms. Stamps filed a Motion for Judgment Notwithstanding the Verdict, alternatively a Motion for New Trial and alternatively Motion for Additur. The trial court denied all aspects of the plaintiff's motion.
The plaintiff filed this Motion for Appeal on December 5, 2006.
STANDARD OF REVIEW
The plaintiff alleges that the jury erred in failing to award adequate damages for injuries sustained by the plaintiff as a result of Dr. Dunham's negligence. A court of appeal may not set aside the jury's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Stobart v. State through DOTD, 617 So.2d 880 (La.4/12/1993), citing Rosell v. ESCO, 549 So.2d 840 (La.1989). The Louisiana Supreme Court has provided a two-prong test for the reversal of a factfinder's determinations: (1) The appellate court must *743 find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Stobart, citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Id.
Malpractice claims are subject to the general rules of proof applicable to any negligence action: the plaintiff must prove a standard of care, a breach of that standard, causation, and damages. Whether alleged malpractice constitutes negligence is a question for the jury. Alello[1], citing Hastings v. Baton Rouge Gen. Hosp., 498 So.2d 713, 722 (La.1986). The manifest error rule also applies in appeals of medical malpractice actions. Id., citing Martin v. East Jefferson Gen. Hosp., 582 So.2d 1272, (La.1991).
ASSIGNMENT OF ERROR NO. 1:
The plaintiff contends that the jury award of $15,000 in general damages and $35,000 for loss of enjoyment of life is grossly inadequate for the nature of Ms. Stamps' damages. Where there is a reasonable basis for the jury's award, it should not be disturbed. Courteaux v. State ex rel. Dept. of Transp. and Development, 99-0353, p. 11 (La.App. 4 Cir. 9/22/99), 745 So.2d 91, 98. There is ample evidence supporting the jury's awards for general damages and for loss of enjoyment of life. While the plaintiff went through pain and discomfort, the jury could reasonably make these conclusions based on the evidence: (1) Dr. Dunham was only given one month to treat the defendant after the surgery, which could limit his liability for general damages. (2) Ms. Stamps' pain was short term as she is not presently on pain medication and no pain medication has been prescribed to her since October 22, 1999.(3) The jury examined Ms. Stamps' toes in the courtroom and may have concluded her injuries did not warrant greater damages. All of these considerations were taken into account by the jury and state law mandates the appellate courts give great deference to the jury's determination of damages. The jury's award was not so low as to shock the conscience and should not be disturbed. Id. at 14, 745 So.2d at 99. We therefore affirm the judgments of $15,000 for general damages and $35,000 for loss of enjoyment of life.
ASSIGNMENT OF ERROR NO. 2
The plaintiff avers that the jury erred in failing to award Ms. Stamps the full amount of her medical expenses incurred as a result of the negligence of Dr. Dunham. The plaintiff argues that the jury abused its discretion by not awarding the full $32,244.41 in medical expenses, which is comprised of $15,000 in expenses from Dr. Dunham's treatment and the remainder from Dr. Dabdoub's treatment. Applying the manifest error/clearly wrong standard to this issue, we find the jury could have reasonably concluded that Dr. Dunham's liability for Ms. Stamps' medical expenses should have been limited to the time of Dr. Dunham's treatment. Ms. Stamps made a unilateral decision to see another doctor for further treatment, even though the infection was resolving itself under Dr. Dunham's care. In addition, Dr. Dunham's x-rays revealed good alignment of the toes at the time she stopped seeing him for treatment. Ms. Stamps subsequently saw Dr. Dabdoub for additional *744 treatment over a period of eighteen months. The jury could have reasonably concluded that the subsequent treatment by Dr. Dabdoub was too attenuated and conjectural to hold Dr. Dunham liable for those medical costs. The jury considered the fact that Dr. Dabdoub and Ms. Stamps made treatment decisions over an eighteen-month period that affected the final result of Dr. Dunham's surgery, without any input from Dr. Dunham. Again, the issue on appeal is not whether the trier of fact was right or wrong, but whether there was a reasonable basis for its decision. We do not find manifest error in the jury's award of $15,000 and therefore affirm that part of the judgment.
ASSIGNMENT OF ERROR NO. 3
The plaintiff maintains the trial court erred in failing to grant Ms. Stamps' Motion for Judgment Notwithstanding the Verdict ("JNOV"), alternatively her Motion for New Trial, alternatively her Motion for Additur. A JNOV is properly granted "only when the facts and inferences are so strongly and overwhelmingly in favor of one party that the trial judge believes reasonable men could not have arrived at a contrary verdict." Adams v. Security Ins. Co. of Hartford, 543 So.2d 480, 486 (La.1989); Anderson v. New Orleans Public Service, Inc., 583 So.2d 829 (La.1991). This court noted that a JNOV is only appropriate where "the jury's verdict is absolutely unsupported by any competent evidence." Selico v. Intercontinental Bulktank Corp., 98-0763, p. 9 (La.App. 4 Cir. 5/12/99), 733 So.2d 1240, 1245. Thus, if the jury's verdict is one which reasonable people could have rendered or if the trial court is convinced that, under the evidence, reasonable minds could differ as to the amount of damages, the granting of a JNOV is improper.
In considering a motion for JNOV, the trial court may not weigh the evidence, substitute its judgment of facts for that of the jury, or pass on the credibility of witnesses. In addition, the court should consider all of the evidence, not just the evidence that supports the non-mover's case, and should give the non-mover the benefit of every legitimate and reasonable inference that can be drawn from the evidence by the jury. Department of Transp. and Development v. Wahlder, 554 So.2d 233 (La.App. 3rd Cir.1989); McClain v. Holmes, 460 So.2d 681 (La.App. 1st Cir. 1984). This court, in reviewing a JNOV, must use the aforementioned criteria in deciding whether or not the motion was properly granted. Anderson v. New Orleans Public Service, Inc., supra.
The jury heard the testimony of expert witnesses, examined all pertinent medical records and evaluated the credibility of Ms. Stamps' testimony. After examining all of the evidence, the jury made a determination regarding Dr. Dunham's negligence and the resulting damages. The jury's decision can be characterized as reasonable, even though reasonable minds could have differed on the amount of damages. Under these criteria, we find no manifest error in the trial court's denial of the Motion for Judgment Notwithstanding the Verdict.
In the alternative, the plaintiff makes a Motion for a New Trial. A motion for a new trial requires a less stringent test than for a JNOV because such a determination involves only a new trial and does not deprive the parties of their right to have all disputed issues resolved by a jury. Martin v. Heritage Manor South, XXXX-XXXX, pp. 4-5 (La.4/3/01), 784 So.2d 627, 631-632. "Although the language is similar between the standards for a JNOV and a new trial, there is a real difference between a finding that no evidence existed *745 for a rational jury to reach a particular result and a finding that a jury could not have reached its conclusion on any fair interpretation of the evidence." Gibson v. Bossier City General Hosp., 594 So.2d 1332, 1336 (La.App. 2d Cir.1991). In considering whether the verdict was supported by any "fair interpretation of the evidence" on a motion for new trial, the trial judge is free to weigh the evidence and make credibility determinations, and is not required to view the evidence in the light most favorable to the non-movant as on a JNOV motion. Id.
The standard of appellate review in ruling on a motion for new trial is whether the trial court abused its discretion. Anthony v. David Lumber, 629 So.2d 329, 331 (La.1993). A jury verdict cannot be set aside on the grounds that the verdict is contrary to the evidence if it is supportable by any fair interpretation of the evidence. Martin v. Heritage Manor South Nursing Home, XXXX-XXXX, p. 15 (La.4/3/01), 784 So.2d 627, 637. Recognizing the discretion of the trial court in granting or denying a motion for a new trial and recognizing the jury's verdict is supportable by a fair interpretation of the evidence, we find the trial court did not abuse its discretion in denying the motion for new trial.
In the second alternative, the plaintiff made a Motion for Additur. The standard of review for additur is set forth in La. Code Civ. P. art. 2083(B): "[i]n reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict." We find the jury exercised reasonableness in its determination of general damages, loss of enjoyment of life, and past medical expenses. We therefore find the trial court's denial of a Motion for Additur to be proper.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in all respects.
AFFIRMED.
NOTES
[1] Alello v. Smith, 94-103 (La.App. 5 Cir. 7/26/94), 641 So.2d 664, 671.