984 So.2d 937 (2008)
Vernon WILLIAMS
v.
The PARISH OF ST. BERNARD.
No. 2007-CA-1316.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 2008.
Rehearing Denied July 10, 2008.
*939 David J. Halpern, Michael W. Tifft, Halpern & Martin, LLC, Metairie, LA, for Vernon Williams.
John F. Rowley, District Attorney, Marcel J. Gueniot, Assistant District Attorney, Chalmette, LA, for The Parish of St. Bernard.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from the suspension, by the St. Bernard Parish Council, of the alcoholic beverage permits BP 1688 and LP 1302 issued to Vernon Williams for the operation of V.J.'s Hollywood Lounge. Vernon Williams sought review from the trial court, which originally reversed the decision of the St. Bernard Parish Council because proper notice was not afforded. However, after granting a motion for a partial new trial, the trial court found that a certified mail receipt was "sufficient to meet notice required by law." We find that Vernon Williams was not apprised of all the alleged cause(s) the St. Bernard Parish Council discussed at the hearing and reverse.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Vernon Williams ("Mr." Williams") held alcoholic beverage permits, BP 1688 and LP 1302, for the operation of V.J.'s Hollywood Lounge ("V.J.'s") in St. Bernard Parish ("SBP"). Mr. Williams initially rented V.J.'s[1] from Gladys Anderson and then her daughter, Bernetta Anderson for five years. Approximately fifteen years ago, Mr. Williams "bought out" the mortgage note for $34,000.
On February 15, 2005, the St. Bernard Parish Council ("Council") adopted Resolution SBPC #XXXX-XX-XX, regarding parking overflow, noise, and lack of "on-site security," and demanded that Mr. Williams "take corrective action." The Council further stated that it would take "immediate action to assess and evaluate the viability of the bar's location as well as all issues of compliance as provided for in Chapter 3 of the St. Bernard Parish Code of Ordinances." All of Mr. Williams' compliance measures were ordered to be taken within seven days of the resolution. Pursuant to the Council's action, "no parking" signs were posted along Goodwill Drive by V.J.'s.
On February 17, 2005, the Director of the Department or Community Development wrote a memorandum to the SBP President, which indicated that V.J.'s was a "[n]on-[c]onforming [b]arroom located in a C-1 ([neighborhood [c]ommercial) [z]oning [district." The memorandum *940 further stated that if V.J.'s ceased to operate for six months, then it would need a zoning change to operate again as V.J.'s was grandfathered in and current bars/lounges must be located in C-3 zoning districts.
The Council agenda for its "regular meeting" scheduled for Tuesday, March 15, 2005, did not include V.J.'s. However, the Council waived its rules to amend the agenda to include a public hearing regarding V.J.'s. Mr. Williams and his attorney were present. During that meeting, the Council adopted Resolution SBPC #XXXX-XX-XX ("Resolution"), which stated that the Council "convened a special meeting on Tuesday, March 15, 2005 at 4:00 p.m. for the purpose of conducting a hearing concerning V.J.'s Hollywood Bar." The Council further stated that it "followed public hearing procedures to hear proponents and opponents to the possible revocation or suspension of the bar's permit." The Resolution stated that the testimony referenced V.J.'s "excessive noise and loitering, the inordinate number of police calls to the area in the last six months and an incident involving a juvenile leaving the bar." Lastly, the Resolution suspended Mr. Williams' permits for six months, pursuant to the St. Bernard Parish Code of Ordinances, Chapter 3, Section 3-26(f), and offered Mr. Williams a forty-eight hour period to voluntarily surrender his permits. The Council Chairman hand delivered a letter, dated March 16, 2005, on March 17, 2005, which informed Mr. Williams and his wife, Peggy Williams ("Mrs. Williams"), of the Resolution in writing.
Mrs. Williams "delivered the permits to the Parish" because she allegedly feared Mr. Williams' arrest. Mr. Williams then appealed the suspension of his permits to the Council; however, the record does not reflect formal action on the appeal.
Mr. Williams filed a Petition for Review of the Council's decision seeking injunctive relief and/or stay of the Council's decision against SBP. The petition also stated that Mr. Williams was "entitled to a summary trial de novo," as enumerated in La. R.S. 33:4788. The trial court denied injunctive relief stating that the "plaintiff failed to provide evidence and testimony which made a prima facie showing that the revocation of his liquor license by the Parish was invalid due to procedural and evidentiary failures."
Mr. Williams filed a Motion for a Preliminary Default, which the trial court entered on the minutes of the court against SBP. Mr. Williams then filed an exception of no cause of action against SBP based on the fact that the Council did not serve him with a "sworn petition" and accompanying affidavit and that SBP failed to properly list the alleged violations. The trial court denied Mr. Williams' exception of no cause of action finding that the Council was not required to file a "petition enumerating the cause of action prior to the hearing to revoke."
Following a trial regarding the suspension of Mr. Williams' permits, the trial court held that the "suspension of Vernon Williams' [sic] liquor permits is annulled, avoided and reversed." The trial court reasoned that, while the "St. Bernard Council showed just cause for suspending Plaintiffs liquor license," the record was devoid of evidence "establishing that a notice was served upon Plaintiff which set out time and place of the hearing as well as the cause or causes for suspending or revoking the permit."
SBP filed a motion for a partial new trial seeking to reverse the trial court's judgment regarding the suspension of Mr. Williams' licenses. SBP attached the notice for the public hearing, which was mailed to Mr. Williams, and the certified *941 mail receipts. The motion for partial new trial was granted. The trial court found that the certified mail receipt was "sufficient to meet the notice required by law" and vacated its prior judgment. Mr. Williams timely filed a devolutive appeal.

EXCEPTION OF NO CAUSE OF ACTION
Appellate courts review the trial court's denial of an exception of no cause of action by determining if the law provides a remedy based on the allegations contained in the petition. Indus. Cos., Inc. v. Durbin, 02-0665, p. 6 (La. 1/28/03), 837 So.2d 1207, 1213. The Louisiana Supreme Court further stated that:
[t]he peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, XXXX-XXXX, p. 3 (La.11/29/01), 801 So.2d 346, 348. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Cleco Corp., XXXX-XXXX at p. 3, 795 So.2d at 304; Fink, XXXX-XXXX at p. 4, 801 So.2d at 349. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo preview because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Cleco Corp., XXXX-XXXX at p. 3, 795 So.2d at 304; Fink, XXXX-XXXX at p. 4, 801 So.2d at 349. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Fink, XXXX-XXXX at p. 4, 801 So.2d at 349. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Jackson v. State ex rel. Dept. of Corrections, 2000-2882, p. 4 (La.5/15/01), 785 So.2d 803, 806.
Indus. Cos., Inc., 02-0665, pp. 6-7, 837 So.2d at 1213.
Mr. Williams asserts that the trial court erred in denying his exception of no cause of action as the trial court stated that the Council was not required to file a "petition enumerating the cause of action prior to the hearing to revoke" under La. R.S. 33:4787.[2] The trial court further stated that "the matter is best handled on the merits."
The Council's Resolution suspended Mr. Williams' permits pursuant to SBP Code of Ordinances, Chapter 3, Section 3-26(f), which stated:
(f) If any disturbance of the peace, public nuisance or other violation of state law or of this chapter is committed on said premises, the president of the parish council, with the approval of the parish treasurer or of the sheriff, is hereby authorized to suspend or revoke said permit, and such violation shall be cause for the parish council to refuse to grant other parish permits to the same applicant or for the conduct of such business on the same premises. In case of such suspension or revocation, permittee may appeal to the parish council for a *942 hearing, to remove or recall the suspension or revocation, pending which hearing no liquor or beer shall be sold by permittee, under the penalties provided by this chapter. No appeal shall lie to the courts, nor shall the courts have or take jurisdiction of an appeal from such suspension or revocation, unless the permittee has exhausted his administrative remedy of appeal to the parish council in the event of an adverse decision.
In addition, the SBP Code of Ordinances, Chapter 3, Section 3-37 provided that "[t]he notice or summons shall enumerate the cause or causes alleged for refusing the application or for suspending or revoking the permit." We find that SBP Code of Ordinances, Chapter 3, Section 3-26(f), is inapplicable to the case sub judice, as it permits a parish president, not the Council, to revoke or suspend a liquor license.
La. R.S. 33:4785 dictates that "any municipality may suspend or revoke within the corporate limits and any police jury or other governing authority of a parish may suspend or revoke within the limits of the parish, permits issued to" retail dealers in alcoholic beverages for causes set out in La. R.S. 26:90; 26:91, 26:286, and 26:287. The prohibited acts contained in La. R.S. 26:90 and La. R.S. 26:286 include selling alcoholic beverages to minors and permitting disturbances of the peace or obscenity.
Pursuant to La. R.S. 33:4786, a hearing must be provided prior to the revocation or suspension of a liquor license. La. R.S. 33:4787 provides that:
A notice shall be served upon the holder of the permit stating the time and place of the hearing to be held by the governing body of the municipality or parish, or a municipal alcoholic beverage control board which shall be not less than ten calendar days from the date such notice is given. The notice shall enumerate the cause or causes for suspending or revoking the permit, and shall be sent by registered mail to the holder, of the permit at the address of his place of business as given in his application for the permit, or may be served on him in person by an officer or employee of the municipality or parish. Any trade organization consisting of brewers and distributors of beverages of low alcoholic content, through its authorized representative, may file with the governing body of any municipality or parish, or a municipal alcoholic beverage control board a sworn petition requesting that a permit be suspended or revoked, and the procedure in such cases shall be the same as herein set out.
Alternatively, SBP contends that it "initiated the hearing process under Section 3-32." SBP Code of Ordinances, Chapter 3, Section 3-32. permits the police jury (the Council is the legal successor to the police jury) to "suspend or revoke any permit" for any enumerated causes.
Mr. Williams' petition stated that "[t]he Parish failed to serve the plaintiff with any notice or summons and accompanying petition and affidavit enumerating the causes alleged for the suspension or revocation. . . ." However, La. R.S. 33:4787 requires notice and not the use of a petition to commence the hearing process. Further, the "notice shall enumerate the cause or causes for suspending or revoking the permit, and shall be sent by registered mail . . . or may be served on him in person by an officer or employee of the municipality or parish." La. R.S. 33:4787.
On its face, the letter from the Council to Mr. Williams states a cause of action. As such, we do not find that the trial court erred in denying Mr. Williams' peremptory exception of no cause of action.

*943 MOTION FOR NEW TRIAL

Motions for new trial are reviewed by the appellate courts using the abuse of the discretion standard. Stamps v. Dunham, 07-0095, p. 8 (La.App. 4 Cir. 9/19/07), 968 So.2d 739, 745. A trial court shall grant a motion for a new trial:
1) When the verdict or judgment appears clearly contrary to the law and the evidence.
2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1972. The trial court may also grant a motion for a new trial "if there is good ground therefore, except as otherwise provided by law." La. C.C.P. art. 1973.
The trial court granted a partial new trial to SBP. The trial court found that "[o]n reconsidering the evidence . . . the Certified Mail receipt by Mrs. Peggy Williams (wife of Vernon Williams) at plaintiffs residence and by an agent of plaintiff at the bar was sufficient to meet the notice required by law" and vacated the prior judgment.
SBP attached the notice for the public hearing and the certified mail return receipts to the motion. SBP's motion for partial new trial contended that the notice for a public hearing stating the causes, sent by certified mail, was plaintiffs exhibit # 3. SBP further sought to supplement the record with the certified mail return receipts. Mr. Williams' avers that the trial court should not have granted the new trial because the certified mail return receipts were discoverable prior to trial. No evidence is contained in the record as the alleged discoverability of the certified mail return receipts.
The trial court shall grant a new trial if the verdict is contrary to the evidence or when there is new evidence. The trial court also has discretion to grant a new trial for other reasons. Under these circumstances, the trial court possessed the authority to grant a partial new trial pursuant to either La. C.C.P. art. 1972 or La. C.C.P. art. 1973. As such, we do not find that the trial court abused its discretion by granting SBP's motion for a partial new trial.

SUSPENSION
While Mr. Williams received a trial de novo from the trial court, appellate courts utilize the manifestly erroneous or clearly wrong standard to review the trial court's findings. Bibbins v. City of New Orleans, 02-1510, p. 12 (La.App. 4 Cir. 5/21/03), 848 So.2d 686, 695. Thus, if two permissible views of the evidence exist, the factfinder cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
"[L]egal findings are reviewed under the de novo standard." Overton v. Shelf Oil Co., 05-1001, p. 8 (La.App. 4 Cir. 7/19/06), 937 So.2d 404, 410. "A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial." Banks v. New Orleans Police Dep't, 01-0859, p. 3 (La.App. 4 Cir. 9/25/2002), 829 So.2d 511, 514.

Due Process
Alcohol vendors, like V.J.'s, are "entitled to the constitutional right to due process of law." Bibbins, 02-1510, p. 8, 848 So.2d at 693. "Due process requires notice of the evidence." Id. "[T]he method of revoking a permit must be rigidly followed by those who seek to make the revocation." Dauenhauer v. City of Gretna, *944 93 So.2d 27, 30 (La.App.1956). La. R.S. 33:4787, as cited above, requires that notice of the alleged causes of suspension/revocation be given to the alleged violator.
The trial court stated, in its reasons for judgment, that the Council had "just cause for suspending Plaintiffs liquor license based on testimony heard concerning the service of alcohol to persons under the age of twenty-one by employees of Plaintiff." However, in the case sub judice, the letter giving Mr. Williams notice of the hearing lists the causes as "parking overflow, noise, loitering and lack of on-site security."
SBP avers that the "failure by appellant to restrict admission to adults and appellant's sale of alcohol to underage patrons is certainly a security concern." Therefore, SBP asserts that the causes enumerated in the notice were sufficient. We find this argument is without merit. This Court stated that a licensee must be "appraised [sic] of the facts and circumstances of the violation charged" before the hearing. Bibbins, 02-1510, p. 9, 848 So.2d at 693. Further, the Louisiana Supreme Court held in Paillot v. Wooton, 559 So.2d 758, 762-63 (La.1990), that no reason was presented as to why the allegations of serving minors and falsifying tax records "could not have been made known to plaintiff so she could have responded before the permits and occupational license were suspended."
We find the case sub judice similar to Paillot in that the Council presented no reason why Mr. Williams was not apprised of the allegations of serving alcohol to minors. Serving alcohol to minors does not encompass the same facts and circumstances as that of an alleged on-site security issue. Therefore, we find the trial court erred, as Mr. Williams' due process rights were violated because he was not apprised of the alleged violation of serving alcohol to minors, and reverse.

Burden of Proof
We pretermit a discussion regarding whether the evidence produced was sufficient to substantiate the suspension of Mr. Williams' permits as we found that the proper due process notification procedure was not followed.

DECREE
We find that the trial court correctly denied Mr. Williams' exception of no cause of action and did not abuse its discretion by granting SBP's motion for partial new trial. However, for the reasons stated above, we find that Mr. Williams received insufficient notice, as he was not informed prior to the hearing about the allegations of serving alcohol to minors, and reverse.
AFFIRMED IN PART; REVERSED IN PART.
GORBATY, J., Concurs in part, dissents in part.
GORBATY, J., concurs in part, dissents in part.
I concur in the affirmation of the rulings on the exception of no cause of action and the motion for partial new trial; however, I respectfully dissent in the reversal of the ruling on the suspension of plaintiffs liquor license.
Mr. Williams appeared at the St. Bernard Parish Council meeting with his attorney. No complaint was lodged by him or his attorney that the notice for the hearing was deficient, i.e., no notice of complaints of underage drinking. Rather, Mr. Williams fully participated in the hearing and freely addressed the issue of underage drinking at his establishment. To now complain that he did not have notice *945 of this particular complaint is disingenuous.
Accordingly, I would affirm the judgment of the trial court in its entirety.
NOTES
[1] Mr. Williams rented V.J.'s along with Joseph Pride for some time initially. However, the record does not include the specific dates.
[2] The transcript from the hearing on the exception of no cause of action is not contained in the record.