# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1190

**STATE OF LOUISIANA**

**VERSUS**

**JOHN SHANE NICOSIA**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, DOCKET NO. 307,171
## HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders and Elizabeth A. Pickett, Judges.

### AFFIRMED. REMANDED WITH INSTRUCTIONS.

James C. Downs, District Attorney
Michael W. Shannon, Assistant District Attorney
P.O. Drawer 1472
Alexandria, LA  71309
(318) 473-6650
**ATTORNEY FOR APPELLEE**
    State of Louisiana

Brent Hawkins
Louisiana Appellate Project
P.O. Box 3752
Lake Charles, LA  70602-3752
(337) 502-5146
**ATTORNEY FOR DEFENDANT/APPELLANT**
    John Shane Nicosia

**COOKS, Judge.**

## PROCEDURAL HISTORY

Defendant, John Shane Nicosia, was indicted for one count of aggravated rape, a violation of La.R.S. 14:42, one count of carnal knowledge of a juvenile, a violation of La.R.S. 14:80, and one count of sexual battery, a violation of La.R.S. 14:43.1. A jury trial commenced and he was found guilty as charged. He was sentenced to life imprisonment on the conviction for aggravated rape, without benefit of parole, probation, or suspension of sentence; ten years at hard labor on the conviction for carnal knowledge of a juvenile, without the benefit of parole, probation, or suspension of sentence, and ten years at hard labor on the conviction for sexual battery, with all the sentences to run concurrently. Defendant did not file a motion to reconsider the sentences.

Defendant has perfected a timely appeal, wherein he alleges the evidence was insufficient to sustain the verdict of aggravated rape. For the following reasons, we affirm the conviction for aggravated rape.

## FACTS

Defendant was alleged to have committed sexual offenses against three minor victims. Pertinent to this appeal, Defendant was charged by Bill of Information with one count of aggravated rape against his minor daughter, K.W. It was alleged that in 2003, when K.W. was nine years old, Defendant had sexual intercourse with her.[1]

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there

---

[1] Defendant was also charged with carnal knowledge of a juvenile, A.W., who was approximately thirteen years old at the time of the offense and with the sexual battery of L.M., who was approximately thirteen years old at the time of the offense. Solely at issue in this appeal is the sufficiency of the evidence as to Defendant's conviction for aggravated rape.

2

are no errors patent, but do find corrections in the sentencing minutes and commitment order are needed.

The transcript of sentencing indicates the trial court properly ordered Defendant to serve ten years at hard labor on the conviction of carnal knowledge of a juvenile. The minutes of sentencing and the commitment provide it is to be served without the benefit of probation, parole or suspension of sentence.

"[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, the district court is instructed to amend the minutes of sentencing and the commitment order to correctly reflect the sentence imposed by the trial court.

## ASSIGNMENT OF ERROR

Defendant argues although the victim, his nine year old daughter at the time of the offense, testified he sexually touched her, she stated he was unable to penetrate her. Therefore, because penetration was a necessary element of the offense, the evidence was insufficient to sustain the verdict of aggravated rape beyond a reasonable doubt.

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan,* 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino,* 436 So.2d 559 (citing *State v. Richardson,* 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Louisiana Revised Statutes 14:41 defines rape as:

> A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.

> B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.

The jury convicted the Defendant of aggravated rape. The statute defining aggravated rape, La.R.S. 14:42, in pertinent part, states:

> A. Aggravated rape is a rape committed upon a person . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

> . . . .

> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

In brief, Defendant notes that when the victim was twelve years old, she participated in a forensic interview with a child advocate and when asked, denied her father ever touched her sexually. However, at trial, in 2013, the victim was eighteen years old, and Defendant points to the following portion of her testimony to prove his claim that he never penetrated her:

Q. Okay. How did your father treat you during that period of time?

A. Um, I don't know.

Q. Did he ever touch you?

A. Yes, sir.

Q. How would he touch you?

A. I can't do this.

Q. I'm sorry, I've got to ask you.

A. He'd try to penetrate me with his penis.

Q. Did this only happen on one occasion?

A. A couple of occasions.

4

Q. Was he able to?

A. No, sir.

Q. Why not?

A. I was too little.

Defendant argues this testimony shows there was no penetration. While conceding that the victim was below the age of twelve years, he argues K.W. never alleged he penetrated her. "In fact, K.W. testified Appellant did not penetrate her."

The victim's testimony, however, continued:

Q. How did it feel?

A. It hurt. It felt weird, and I don't know.

Q. You believe you were only nine years old when this first happened?

A. Yes, sir, I was young.

Q. Did you tell anyone about that?

A. No, sir.

Q. Why not?

A. I was scared at first, and then for a long time I thought it was okay.

Q. Did you think that this was something that was okay?

A. Yes, sir, honestly. Yeah, after a while I thought it was okay. I thought it was normal.

Q. Of course, as you got older you viewed it as little differently? Is that fair to say?

A. Uh, yes, sir. He -- as I got older he didn't mess with me like that anymore. He had – he didn't do it. Like whenever I was younger he didn't do the things that he did to me then.

Q. I'm not trying to embarrass you. But there's certain things I have to clear up. I think you said earlier he tried to penetrate you.

A. Yes, sir.

Q. But you were too young and small.

A. Yes, sir.

Q. What did he try to penetrate you with?

A. His penis.

Q. And he tried to put it where?

A. In my vaginal area.

In *State v. Waguespack,* 06-410, pp. 1-2 (La.App. 3 Cir. 9/27/06), 939 So.2d 636, 638, this court noted:

> In order to support a conviction of aggravated rape, the State was required to prove beyond a reasonable doubt that Defendant had oral, vaginal, or anal sexual intercourse with a victim who was under thirteen years of age. La.R.S. 14:42(A)(4). "[A]ny sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime." La.R.S. 14:41(B). In *State v. Ross*, 03-564, p. 11 (La.App. 3 Cir. 12/17/03), 861 So.2d 888, 895, *writ denied*, 04-0376 (La.6/25/04), 876 So.2d 829, we defined sexual penetration as, "[a]ny penetration, however slight, of the aperture of the female genitalia, even its external features, is sufficient."

In *State v. Hawkins*, 06-739 (La.App. 5 Cir. 9/25/07), 968 So.2d 1082, *writ denied*, 07-2272 (La. 4/18/08), 998 So.2d 347, the defendant was charged with forcible rape. The offense of forcible rape also requires penetration, however slight. The defendant argued there was no physical evidence of penetration. The fifth circuit, affirming the conviction, noted the victim's testimony, as follows:

> In the present case, the victim identified her uncle as the person who raped her. She described the defendant massaging his penis against her vaginal area. When asked if [the defendant] glided his penis through her vagina, the victim responded:
>
> A Through my vaginal area, yes. When, when he was gliding his penis across my vaginal area, that's when I automatically put my hand down to prevent him from putting it in.
>
> B Did he go underneath any part of your vagina?
>
> A It was, it was wet, and it felt like he was trying to put it inside of me. And that's, like I said, when I put my hand to cover it, to hold, hold it so he wouldn't.
>
> * * *
>
> Q And did you feel it? Did you feel his penis glide through--

6

A My vaginal area?

Q Yes.

A Yes.

*Id.* at 1088-89. The fifth circuit noted in this case, that contact with the "female genitalia, even its external features" was sufficient. *Id.* at 1088 (citing *State v. Lewis*, 577 So.2d 799, 801 (La.App. 2 Cir.), *writ denied*, 582 So.2d 1304 (La.1991).

In the current case, the trier of fact could have concluded that the act of rape was completed beyond a reasonable doubt. The victim testified Defendant could not push his penis into her vagina because she was too small.  However, she stated it hurt. As noted above, any contact with the female genitalia, even its external features, has been held sufficient to complete the offense. No matter how slight, to press against the hymen or even its external features, is an act of rape.  In *Hawkins*, 968 So.2d 739, the victim testified she put her hand in the way to prevent him from entering her vagina. However, his penis made contact with her vagina and slid around in an effort to get inside. That slight of contact was sufficient for the fifth circuit to affirm the conviction for forcible rape, as it is in the current case.

For these reasons, we find without merit Defendant's contention that the evidence was insufficient to sustain the verdict of aggravated rape beyond a reasonable doubt.

**DECREE**

For the foregoing reasons, Defendant's conviction for aggravated rape is affirmed.  The district court is instructed to amend the minutes of sentencing and the commitment order to correctly reflect the sentence imposed by the trial court.

**AFFIRMED.  REMANDED WITH INSTRUCTIONS.**