PAUL A. BONIN, Judge.
 

 LKay Wallace, a tenant in an apartment complex owned by H.R. Prytania, L.L.C. (“Prytania”), slipped and fell, injuring herself, on the wet floor of the laundry room of the complex on a rainy fall day, October 27, 2006. She filed suit seeking damages for her knee injury, alleging that Prytania was negligent in maintaining the property pursuant to La. C.C. art. 2315, and was liable pursuant to La. C.C. arts. 2317, 2317.1, and/or 2322 for damages caused by the ruin of a thing over which Prytania had custody.
 

 The trial judge rendered judgment in favor of Ms. Wallace, awarding her general damages of $65,000 and $5,744.44 for medical special items of damages, together with
 
 *218
 
 interest and costs. The trial court found no comparative fault on the part of Ms. Wallace. La. C.C. art. 2323. Prytania timely suspensively appealed to this court, arguing that the trial judge erroneously found that the water in which Ms. Wallace slipped was not open and obvious, and, further, that tenant neglect, outside the control of Prytania, was the source of the water on the floor, and accordingly, that Prytania should not be held liable or its liability should be reduced by victim fault.
 

 For the reasons which follow, we affirm.
 

 Ji
 

 We review the factual findings of the trial court for manifest error.
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330, 1333 (La.1979). The standard of review applicable to fact findings of the trial court has been clearly enunciated by our Supreme Court in
 
 Rabalais v. Nash,
 
 06-0999, p. 4 (La.3/9/07), 952 So.2d 653, 657:
 

 It is well-settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong.... To reverse a fact-finder’s determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding is clearly wrong.
 
 Mart v. Hill,
 
 505 So.2d 1120, 1127 (La.1987). Where the jury’s findings are reasonable, in light of the record reviewed in its entirety, the court of appeal may not reverse. Even where the court of appeal is convinced that it would have weighed the evidence differently to reach a different result, reversal of the trial court is improper unless the trial court’s ruling is manifestly erroneous, or clearly wrong.
 

 Where there are two permissible views of the evidence, the fact-finder’s choice cannot be manifestly erroneous or clearly wrong. The appellate court “must be cautious not to re-weigh the evidence or to substitute its own factual findings” for those of the trial court.
 
 Eisenhardt v. Snook,
 
 08-1287, p. 6 (La.3/17/09), 8 So.3d 541, 545. The issue to be resolved by a reviewing court is whether the fact-finder’s conclusion was reasonable.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La.1993).
 

 | .¡In particular, the deference to a trial court’s ability to evaluate the credibility and make reasonable inferences of fact, to experience the immediacy of seeing and hearing witnesses in the course of their testimony, is a well-established precept of our law.
 
 See Rosell v. ESCO,
 
 549 So.2d 840;
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330 (La.1978).
 

 The appellant assigns as error the trial court’s failure to find Ms. Wallace at fault for failing to avoid an open and obvious condition-water on the comparatively negligent and thus reduce her recovery (suggesting 50% as reasonable).
 

 The trial court enumerated the requirements for a plaintiff to succeed in a negligence action, and recited the duty of the owner of property to keep it in a reasonably safe condition and to discover unreasonably dangerous conditions or warn potential victims of their existence. The court stated,
 

 The property owner is not the insurer of the premises but must act reasonably in view of the probability of injury. In this case the Court finds that the plaintiff has established a duty and a breach of the duty, a cause in fact, legal scope and liability, and damages.... I find that the plaintiffs testimony was credible.
 

 She [Ms. Wallace] was not “being irresponsible.”
 
 [1]
 
 In contrast, the trial court
 
 *219
 
 found that the defendant property owner “lacked credibility for a business owner who manages over 150 units to have no records whatsoever with respect to the maintenance, complaints” and records to show that repairs had been made to the roof. The court found “that the accumulation of water on the floor did in fact result in the fall and cause the damage that Ms. Wallace sustained.”
 

 |4The trial court heard the testimony of Ms. Wallace and another tenant, Naomi Churchill,
 
 [2]
 
 and the testimony of Kristina Haynie, an employee of the property owner, regarding the wet floor, and the condition of the laundry room used by the apartment complex persuaded the trial court that the defendant “did nothing to protect its tenants from injury” and was, therefore, liable for Ms. Wallace’s damages, which were supported by medical testimony and evidence. Ms. Churchill testified that a washing machine leaked; additionally a leaking roof and unsecured window and door openings permitted the laundry room floor to become wet. Further, Ms. Haynie testified that she collected rent, called repairmen either on staff or independent service providers; she advertised and showed apartments. She kept no records or logs regarding complaints, repairs, or other business records related to maintenance of the property.
 

 The wife of the owner of Prytania, Laura Russell, who cares for the property, testified that there was damage to the laundry room roof, and their employee Francisco repaired the roof. While Ms. Russell’s mailing address was in New Jersey, she testified that she was living in Houston in 2006. She had no repair record for the roof or the ceiling of the laundry area, although a claim was made for damage to the roof as a result of Hurricane Katrina. The property owner did not post warning signs to alert tenants to the danger of a wet floor in the laundry, according to all testimony. Ms. Russell testified that no signs were in place “[b]e-cause it was not wet all the time. It was just occasionally.” The trial court had the opportunity to evaluate the defense witness and weigh her credibility | ^against that of the plaintiff and other users of the laundry room who saw the water problems and the ongoing condition of the premises.
 

 II
 

 Whether comparative fault applies in a given case is a factual determination governed by the manifest error standard of review; hence, “[o]nly if the apportionment of fault is found to be clearly wrong can an appellate court adjust percentages.”
 
 Ambrose v. McLaney,
 
 06-1181 at p. 10, 959 So.2d at 536 (quoting
 
 Maldonado
 
 v.
 
 Louisiana Superdome Comm’n.,
 
 95-2490, p. 10 (La.App. 4 Cir. 1/22/97), 687 So.2d 1087, 1093, (citing
 
 Clement v. Frey,
 
 95-01119, pp. 7-7 (La.1/16/96), 666 So.2d 607, 610-11)). Similarly, “[t]he trial court’s finding of whether a defect creates an unreasonable risk of harm is subject to a manifest error standard of review.”
 
 Ambrose, supra; Reed v.
 
 
 *220
 

 Wal-Mart Stores, Inc.,
 
 97-1174, p. 5 (La.3/4/98), 708 So.2d 362, 365. It is the obligation of the trial court to decide which risks are unreasonable, based on the facts of each case.
 
 Pitre v. Louisiana Tech University,
 
 95-1466, p. (La.5/10/96), 673 So.2d 585, 590. The trial court found that the water on the laundry room floor of defendant’s rental property was an unreasonable risk of harm, and that Ms. Wallace was not negligent. Because we find that the trial court judgment was not manifestly erroneous and was reasonable, we affirm.
 

 DECREE
 

 For the foregoing reasons, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . This court in
 
 Ambrose v. McLaney,
 
 06-1181, p. 13 (La.App. 4 Cir. 5/16/07), 959 So.2d 529, 537, affirmed the trial court's judgment against a property owner in favor of a plaintiff, and noted that no evidence was presented to show that Ms. Ambrose "was not being careful” when she fell, finding no manifest error in the failure of the trial court to allocated any fault to the plaintiff.
 

 [2]
 

 .
 
 Ms. Wallace's brother Gerard Charles Wallace testified, but he did not see the laundry room prior to Ms. Wallace's fall there on October 27, 2006. A claims adjuster, Bill Wiltz, also testified, but he did not see the laundry room until November 2006.